**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GEORGE HEWREAS STRATOS,** )<br>           **Plaintiff,**           ) | |
| vs.                                                   ) | No. 3:12-CV-2912-L-BH |
|                                                          ) | |
| **AMR, INC., et. al,**                        ) | |
|           **Defendants.**           ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed as frivolous.

**I. BACKGROUND**

On August 17, 2012, the plaintiff filed this *pro se* action against AMR, Inc., American Airlines, Boeing, Daniel Webb (a Boeing representative), Paul Allen, Burt Rutan, James Cameron, the Transport Workers Union (TWA), Kirk Goranson (from the TWA), the Masonic Lodges of New York, members of Scottish Rite, Gerald Arpey, former President George W. Bush, AT&T, Bell Atlantic, Verizon, and William Nelson. (doc. 3 at 1, 3).[1] In his 700-page complaint, he appears to claim that the defendants have violated the federal Racketeering Influenced and Corrupt Organizations Act (RICO) and seeks a writ of mandamus ordering American Airlines to reinstate him to his former job as well as monetary damages in excess of $100 million. (*Id*. at 1, 6, 16-18).

---

[1] The plaintiff also purports to file this complaint on behalf of his wife, Dr. Diana Stratos, but she did not personally sign the complaint or any of the other documents filed with this Court. (doc. 3 at 27.) "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. § 1654. Rule 11 of the Federal Rules of Civil Procedure requires that each party proceeding *pro se* sign each pleading, motion, or other paper filed by that party. "[I]ndividuals who do not have a law license may not represent other parties in federal court even on a next friend basis", however. *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court). Because the plaintiff may not bring this *pro se* case on behalf of his wife, she should not be considered a plaintiff in this action.

He also appears to claim that the defendants have conspired to give him and his wife cancer due to lack of nutrition and that some of the defendants have illegally wiretapped his phones, and he refers to occult activity by masonic lodges and other groups, attorney malpractice in a prior civil case, fraud in stock market transactions, an illegal foreclosure, and theft of his original ideas for tools, the popular children's "Razor" scooter, and the movie "Avatar". (*Id*. at 7-8, 10, 12, 15, 20, 24-5).

Although plaintiff's complaint is difficult to interpret, the attachments provide the underlying facts. The plaintiff has worked for American Airlines since 1986. (*Id.* at Ex. 4, p. 3). While employed as an Aviation Mechanic Crew Chief in 2007, he exhibited erratic behavior, underwent a psychiatric evaluation, was determined to be unfit for duty, and was placed on extended medical leave. (*Id.* at pp. 2-8, 9-18, 60-63, 66-72). In early 2008, his psychologist opined that he could return to his duties. (*Id.* at Ex. 4, pp. 80-81). After his requests for reinstatement to his job were denied, the plaintiff filed grievances with his union as well as charges of discrimination with the Equal Employment Opportunity Commission (EEOC) and state agencies in 2007 and 2010. (*Id.* at Ex. 3, p. 105; Ex. 4, pp. 38-39, 51, 55, 87, 97-98, 102-103, 107-108, 110.) In late 2011, the plaintiff's doctors released him from the restrictions that in part had prevented his return to work. (Ex. 2, p. 49; Ex. 4, p. 76). The plaintiff filed another grievance with his union alleging discrimination that was closed on January 3, 2012. (*Id.* at Ex. 4, p. 48.) As recently as April 4, 2012, American Airlines again refused to return him to work. (*Id.* at Ex.6, pp. 58-59). The plaintiff filed a formal charge of discrimination with the EEOC on June 8, 2012. (*Id.* at Ex. 3, pp. 61-68, 92).

## II. PRELIMINARY SCREENING

Because the plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides

2

for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1053 (5th Cir. 1982). Under § 1915(e), a court is also not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. at 32-33. The absence of material facts combined with the irrational nature of a claim can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990)

Here, the plaintiff claims that the defendants have violated RICO, wiretapped his phones, conspired to cause him and his wife illness, and stolen his intellectual property, including ideas for the Razor scooter and the movie "Avatar." He sues the director of the movie, a former President of

3

the United States, and various telephone companies. These claims lack an arguable basis in fact and appear to be based on a fantastical or delusional scenario. *See Neitzke*, 490 U.S. at 327-28; *Kolocotronis v. Club of Rome*, 109 F.3d 767 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world). His request for over $100 million dollars in damages also lacks any arguable basis in fact. The only claim discernible from his filing that appears non-frivolous is his claim for employment discrimination. All other claims should therefore be dismissed as frivolous.

### III.  FAILURE TO REINSTATE CLAIM

The attachments to the plaintiff's complaint appear to raise a claim of employment discrimination based on the employer's refusal to reinstate him to his previous position. Title VII of the Civil Rights Act makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). It also makes it unlawful for employers to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by [Title VII], or . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." *Id.* § 2000e-3(a). The Age Discrimination in Employment Act (ADEA) likewise makes it unlawful for an employer to discriminate against an individual based on his age. 29 U.S.C. § 623(a)(1). Generally, a plaintiff must establish a prima facie case of discrimination by showing that he (1) is a member of a protected group, (2) was qualified for the position at issue, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

Because the plaintiff has submitted a copy of his charge of discrimination to the EEOC, his complaint may be liberally construed as alleging a prima facie case of employment discrimination against his employer. By separate order, this claim will be transferred to the Fort Worth Division, where the unlawful employment practice is alleged to have been committed. *See* 42 U.S.C. § 2000e-5(f)(3).

## IV.  RECOMMENDATION

The plaintiff's claims, except for his employment discrimination claim, should be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B). By separate order, his employment discrimination claim will be severed and transferred to the Fort Worth division of the Northern District of Texas.

**SIGNED this 27th day of August, 2012.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE